UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DARREL TURNER** | **CASE NO. 2:21-CV-03773** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN SECURITY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 7] filed by defendant American Security Insurance Co. ("ASIC"). Plaintiff has filed no response and his time for doing so has passed. Accordingly, the motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from damage suffered by plaintiff during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At that time plaintiff's home was insured under a lender-placed policy issued by ASIC. Doc. 7, att. 3. The only insured named under that policy is plaintiff's mortgage lender, Wells Fargo, and the policy's terms require that all benefits be paid to the named insured. *Id.* at 6, 21.

Plaintiff alleges that ASIC failed to timely or adequately compensate him for covered losses suffered in the hurricane. He filed suit against ASIC in this court, raising claims of breach of insurance contract and bad faith. Doc. 1. ASIC now moves for summary judgment on all claims, asserting that plaintiff has no standing to enforce the insurance policy since he is not a named insured or third-party beneficiary. Doc. 7. Plaintiff has filed

no response and his time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

To state a claim for relief based on an insurance policy, a plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of that policy. *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (internal citations omitted). Here the relevant inquiry is whether plaintiff is a third-party beneficiary.

Under Louisiana law, third party beneficiary status must be conferred by contract under what is known as a *stipulation pour autrui*. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (unpublished). This status is never presumed, and the party claiming the benefit bears the burden. *Joseph v. Hosp. Svc. Dist. No. 2 St. Mary Par.*, 939 So.2d 1206, 1212 (La. 2006). To this end, he must show that (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided; and (3) the benefit is not merely an incident of the contract. *Brown*, 2017 WL 2290268 at *4 (citing *Joseph*, 939 So.2d at 1212–13).

Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies. These policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance coverage. *Williams*, 398 F. App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create

3

third-party beneficiary status unless the borrower is also due some sort of benefit under the policy. *Id.* Where, however, there is a definite benefit to the homeowner within the policy, he may be a third-party beneficiary. *See Lee v. Safeco Ins. Co. of Am.*, 2008 WL 2622997 (E.D. La. Jul. 2, 2008) (stipulation *pour autrui* created where lender-placed policy provided that any loss payment exceeding the mortgagee's interest must be paid to homeowner).

Here the policy clearly identifies plaintiff as "borrower," but not as a named insured. It does not reflect an intent, let alone a clear one, to benefit plaintiff. Accordingly, plaintiff is neither a named insured nor the recipient of a stipulation *pour autrui* and his claims arising from the insurance contract are without merit.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 7] will be **GRANTED** and all claims against defendant American Security Insurance Company will be **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Chambers on this 8th day of March, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**